[Cite as *O'Connor v. State*, 2016-Ohio-5485.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ARIAN O'CONNOR | ) | |
| | ) | |
| PETITIONER | ) | |
| | ) | CASE NO. 16 MA 0074 |
| VS. | ) | |
| | ) | OPINION |
| STATE OF OHIO | ) | AND |
| | ) | JUDGMENT ENTRY |
| RESPONDENT | ) | |

CHARACTER OF PROCEEDINGS:      Petition for Writ of Mandamus

JUDGMENT:      Dismissed.

APPEARANCES:

For Petitioner      Arian O'Connor, Pro-se
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, Ohio 44505

For Respondent      Attorney Paul Gains
Mahoning County Prosecutor
Attorney Ralph Rivera
Assistant Prosecutor
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503-1426

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: August 19, 2016

PER CURIAM.

{¶1} Relator Arian O'Connor has filed a pro se petition for a writ of mandamus asking this Court to compel Respondent State of Ohio and, more specifically, Judge John M. Durkin of the Mahoning County Common Pleas Court, to rule on a motion to return seized property he filed in that court on February 24, 2016. Counsel for Respondent has filed a motion to dismiss indicating that Respondent has already ruled upon the motion.

{¶2} A writ of mandamus is an extraordinary remedy which should be exercised by this court with caution and issued only when the right is clear. *State ex rel. Brown v. Ashtabula Cty. Bd. of Elections*, 142 Ohio St. 3d 370, 2014-Ohio-4022, 31 N.E.3d 596, ¶ 11. Entitlement to a writ of mandamus requires the relator to demonstrate: (1) they have a clear legal right to the relief, (2) the respondent has a clear legal duty to provide that relief, and (3) they have no adequate remedy at law. *State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections,* 133 Ohio St.3d 153, 2012-Ohio-4267, 976 N.E.2d 890, ¶ 12.

{¶3} As counsel for Respondent points out in their motion to dismiss, Respondent ruled on Relator's motion during the pendency of this matter on June 23, 2016. Respondent has attached as an exhibit to the motion to dismiss a copy of the trial court's June 23, 2016 judgment entry in which it sustained Relator's February 24, 2016 motion.

{¶4} Since the trial court has ruled on his motion, Relator's petition for a writ of mandamus before this court is moot. "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *Martin v. Judges of the Lucas Cty. Court of Common Pleas*, 50 Ohio St.3d 71, 72, 552 N.E.2d 906 (1990). As such, Relator's petition for writ of mandamus is hereby dismissed as moot.

{¶5} No costs assessed.

DeGenaro, J., concurs.

Donofrio, P.J., concurs.

Robb, J., concurs.